IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA       :

          v.              :       CRIMINAL NO. 24-388

BRAIDEN WILLIAMS          :

## GUILTY PLEA AGREEMENT

Under Rule 11 of the Federal Rules of Criminal Procedure, the government, the defendant, and the defendant's counsel enter into the following guilty plea agreement. Any reference to the United States or the government in this agreement shall mean the Office of the United States Attorney for the Eastern District of Pennsylvania.

1.      The defendant agrees to plead guilty to Counts One through Five of a superseding Information, waiving prosecution by indictment, charging him with:

      a.   conspiracy to commit wire fraud, in violation of 18 U.S.C. §§ 1349 and 3147

      b.   aggravated identity theft, in violation of 18 U.S.C. § 1028A

      c.   conspiracy to commit money laundering, in violation of 18 U.S.C. §§ 1956(h) and 3147

      d.   cyberstalking of a minor, in violation of 18 U.S.C. §§ 2261A(2)(B), 2261B(a) and 3147, and

      e.   maliciously conveying false information about explosives, in violation of 18 U.S.C. §§ 844(e) and 3147;

and not to contest forfeiture as set forth in the notice of forfeiture charging criminal forfeiture under 18 U.S.C. §§ 981 and 982, all arising from the defendant's involvement in an online criminal

conspiracy to steal and launder cryptocurrency, his harassment of three individuals, including a person under the age of 18, and his participation in a scheme to make hundreds of false bomb threats, which occurred, in part, while the defendant was on pretrial release. The defendant further acknowledges his waiver of rights, as set forth in the attachment to this agreement.

2.    The parties agree and stipulate that Counts One through Five of this Superseding Information collectively encompass all offense conduct initially charged in the criminal complaint filed in the Northern District of California (NDCA), Dkt. No. 22-mj-70962, dismissed on November 29, 2024, on motion of the NDCA U.S. Attorney.

### **Maximum/Mandatory Penalties**

3.    The defendant understands, agrees, and has had explained to him by counsel that the following statutory maximum/mandatory sentences apply in this case:

    a.    Count One, conspiracy to commit wire fraud: 20 years' imprisonment, 3 years' supervised release, a fine of $250,000, and a $100 special assessment;

    b.    Count Two, aggravated identity theft: a mandatory two years' imprisonment to run consecutive to any other sentence, 1 year of supervised release, a $250,000 fine, and a $100 special assessment;

    c.    Count Three, conspiracy to commit money laundering: 20 years' imprisonment; 3 years' supervised release; a fine of $500,000 or twice the value of the property involved in the transactions, whichever is greater; and a $100 special assessment;

    d.    Count Four, cyberstalking of a minor: 10 years' imprisonment, 3 years' supervised release, a fine of $250,000, a $100 special assessment;

     e.   Count Five, maliciously conveying false information about explosives: 10 years' imprisonment, 3 years' supervised release, a fine of $250,000, and a $100 special assessment; and

     f.   Commission of Counts One, Three, Four and Five during pretrial release: 10 years' imprisonment on each count to run consecutive to any other sentence.

Total Maximum Sentence is: 62 years' imprisonment; a 40-year sentence consecutive to any other sentence imposed; a 2-year mandatory minimum sentence consecutive to any other sentence imposed; 3 years' supervised release; a $1,500,000 fine, or a fine of $1,000,000 plus twice the value of the property involved in the transactions charged in Count Three, whichever is greater; and a $500 special assessment. Full restitution shall be ordered. Forfeiture of any property, real or personal, that constitutes or is derived from proceeds traceable to the commission of Count One, and, with respect to Count Three, forfeiture of any property, real or personal, involved in such offenses, and any property traceable to such property, also may be ordered.

    4.     The defendant further understands that supervised release may be revoked if its terms and conditions are violated. When supervised release is revoked, the original term of imprisonment may be increased by up to 2 years on Counts One, Three, Four and Five, and 1 year on Count Two. Thus, a violation of supervised release increases the possible period of incarceration and makes it possible that the defendant will have to serve the original sentence, plus a substantial additional period, without credit for time already spent on supervised release.

    5.     The government may:

     a.   Make whatever sentencing recommendation as to imprisonment, fines, forfeiture, restitution, and other matters which the government deems appropriate.

     b.   Comment on the evidence and circumstances of the case; bring to the Court's

attention all facts relevant to sentencing including evidence relating to dismissed counts, if any, and to the character and any criminal conduct of the defendant; address the Court regarding the nature and seriousness of the offense; respond factually to questions raised by the Court; correct factual inaccuracies in the presentence report or sentencing record; and rebut any statement of facts made by or on behalf of the defendant at sentencing.

    c.   Nothing in this agreement shall limit the government in its comments in, and responses to, any post-sentencing matters.

    6.   In order to facilitate the collection of the criminal monetary penalties to be imposed in connection with this prosecution, the defendant agrees fully to disclose all income, assets, liabilities, and financial interests, held directly or indirectly, whether held in his own name or in the name of a relative, spouse, associate, another person, or entity, and whether held in this country or outside this country. Accordingly:

    a.   The defendant will submit a completed Financial Statement of Debtor to the U.S. Attorney's Office, in a form it provides and as it directs, within 14 days of execution of this plea agreement. The defendant promises that his financial statement and disclosures will be complete, accurate, and truthful.

    b.   The defendant expressly authorizes the U.S. Attorney's Office to obtain a credit report on him in order to evaluate the defendant's ability to satisfy any monetary penalty imposed by the Court.

    c.   Upon request by the United States, the defendant also agrees to submit to a financial deposition or interview prior to sentencing and provide all documents within the

- 4 -

defendant's possession or control as requested by the U.S. Attorney's Office regarding the defendant's financial resources and that of the defendant's household.

        d.     The defendant agrees not to transfer, assign, dispose, remove, conceal, pledge as collateral, waste, or destroy property with the effect of hindering, delaying, or defrauding the United States or victims. The defendant otherwise shall not devalue any property worth more than $1,000 before sentencing, without the prior approval of the United States.

        e.     The defendant also agrees to execute any documents necessary to release any funds held in any repository, bank, investment, other financial institution, or any other location in order to make partial or total payment toward any monetary penalty that the Court may impose.

        f.     If the defendant fails to comply with this paragraph of the plea agreement or if any of the defendant's representations pursuant to the requirements set forth in this paragraph are false or inaccurate, the government may elect to: void this agreement; and/or argue that the defendant is not entitled to a downward adjustment for acceptance of responsibility under Guideline Section 3E1.1. The government may also elect to: void the forfeiture portion of the agreement and try the forfeiture before the Court and seek a larger forfeiture; and/or pursue any and all forfeiture remedies available at law or equity. The defendant agrees to waive any right to a trial by jury on all forfeiture issues, and to waive any claim at trial based on any statute of limitations.

        7.     The defendant agrees to pay a fine and restitution as determined by the Court at sentencing. The defendant agrees that restitution shall include losses caused by the defendant's relevant conduct in this case, as defined under USSG § 1B1.3. The defendant agrees that any restitution or fine imposed by the Court shall be due and payable immediately and on such terms and conditions that the Court may impose. In the event the Court imposes a schedule for the payment of restitution or fine, the defendant understands and agrees that such a schedule represents

a minimum payment obligation and does not preclude the United States Attorney's Office from pursuing any other means by which to satisfy the defendant's full and immediately enforceable financial obligation under applicable federal and/or state law.

8.      The defendant agrees that forfeiture, restitution, fine, assessment, tax, interest, or other payments in this case do not constitute extraordinary acceptance of responsibility or provide any basis to seek a downward departure or variance from the applicable Sentencing Guideline range.

9.      The defendant agrees to pay the special victims/witness assessment in the amount of $500 before the time of sentencing and shall provide a receipt from the Clerk to the government before sentencing as proof of this payment.

**Forfeiture**

10.     The parties agree to the following with respect to the forfeiture of assets:

a.      The defendant agrees that, based on his conviction for the offense of conspiracy to commit wire fraud charged in Count One of the information, he forfeits his right, title, and interest in the assets listed below, which were seized from the defendant on May 11, 2021 and March 28, 2023, that such assets constitute or are derived from proceeds traceable to the commission of such violation, and are subject to forfeiture under 28 U.S.C. § 2461(c) and 18 U.S.C. § 981(a)(1)(C), and that such assets are forfeitable to the United States in any judicial (criminal and civil) and administrative proceeding(s) at the government's exclusive discretion, and without further notice to the defendant:

       i.   Rolex Submariner watch, silver in color, Model: 124060, S/N 3L19G0845 in green box labeled Rolex;

      ii.   Diamond necklace with "Top 1%" pendant;

    iii.   Christian Louboutin shoes, white in color with silver in color studs;

    iv.   Prada shoes, black in color with white sole;

    v.   Off-White shoes, white in color;

    vi.   Christian Louboutin shoes, white in color with orange and blue detail;

    vii.   Louis Vuitton shoes, black in color;

    viii.   Louis Vuitton satchel, black and gray in color;

    ix.   Louis Vuitton belt, black and gray in color with "LV" buckle;

    x.   Louis Vuitton wallet, black and gray in color;

    xi.   Trezor hardware wallet;

    xii.   Full bottle of Dom Perignon champagne, 2010 vintage with gift box;

    xiii.   1.26807233 BTC;

    xiv.   0.70396295 ETH;

    xv.   4.0483135 BTC within an Exodus wallet;

    xvi.   5.5890461 ETH within an Exodus wallet; and

    xvii.   $45,000 USDT within an Exodus wallet.

    b.     The defendant agrees that, based on his conviction for the offense of conspiracy to commit money laundering charged in Count Three of the information, he forfeits his right, title, and interest in the assets listed below, which were seized from the Defendant on May 11, 2021 and March 28, 2023, that such assets are property involved in the commission of such violation, and are subject to forfeiture under 18 U.S.C. § 982(a)(1), and that such assets are forfeitable to the United States in any judicial (criminal and civil) and administrative proceeding(s) at the government's exclusive discretion, and without further notice to the defendant:

i.  Rolex Submariner watch, silver in color, Model: 124060, S/N 3L19G0845 in green box labeled Rolex;

ii.  Diamond necklace with "Top 1%" pendant;

iii.  Christian Louboutin shoes, white in color with silver in color studs;

iv.  Prada shoes, black in color with white sole;

v.  Off-White shoes, white in color;

vi.  Christian Louboutin shoes, white in color with orange and blue detail;

vii.  Louis Vuitton shoes, black in color

viii.  Louis Vuitton satchel, black and gray in color;

ix.  Louis Vuitton belt, black and gray in color with "LV" buckle

x.  Louis Vuitton wallet, black and gray in color;

xi.  Trezor hardware wallet;

xii.  Full bottle of Dom Perignon champagne, 2010 vintage with gift box;

xiii.  1.26807233 BTC;

xiv.  0.70396295 ETH;

xv.  4.0483135 BTC within an Exodus wallet;

xvi.  5.5890461 ETH within an Exodus wallet;

xvii.  $45,000 USDT within an Exodus wallet;

xviii.  Apple iPhone, red in color;

xix.  Apple Macbook Air, Model A1534, S/N C02Q45YPGCN3;

xx.  Dell Inspiron laptop, S/N 791606246;

xxi.  Straight Talk SIM card for iPhone;

xxii.  HP laptop, S/N TW03901224;

xxiii.   Metallic Blue iPhone 12 Pro Max (cracked screen) in a white case with

IMEI 359237635418036;

xxiv.   Gold and white iPhone 7 with IMEI 355831082883488

xxv.   Black iPhone; and

xxvi.   Apple laptop Model A1706 serial # C02SX6G2GYFH with charger.

c.      The defendant agrees to the entry of a preliminary order of forfeiture

pursuant to Federal Rule of Criminal Procedure 32.2(b) as soon as possible after the guilty plea and

before sentencing. Pursuant to Rule 32.2(b)(4), the defendant further agrees that, upon the request

of the government, the preliminary order of forfeiture may be made final before his sentencing. The

defendant waives all statutory deadlines, including but not limited to deadlines set forth in 18 U.S.C.

§ 983.

d.      The defendant acknowledges that forfeiture is part of the sentence that may

be imposed in this case and waives any failure by the Court to advise defendant of this, pursuant to

Federal Rule of Criminal Procedure 11(b)(1)(J), at the time the Court accepts defendant's guilty

plea. The defendant further waives the requirements of Rules 32.2 and 43(a) of the Federal Rules

of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement

of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment.

e.      The defendant agrees to waive any and all constitutional, statutory, and other

challenges to the forfeiture on any and all grounds, including any claims, defenses, or challenges

arising under the Double Jeopardy or Excessive Fines Clauses of the Eighth Amendment, resulting

from any forfeiture imposed in this case and/or any pending or completed administrative or civil

forfeiture actions, and stipulates that such forfeiture is not grossly disproportionate to his criminal

conduct. The defendant further agrees that this waiver shall apply to any property that may be forfeited as a result of the conviction of any co-conspirator in this case.

        f.     The parties agree that the U.S. Attorney's Office will recommend to the Attorney General that any funds from the liquidation of the specific property listed in paragraph 10 a. and b. above, be remitted or restored to eligible victims of the offense, pursuant to 18 U.S.C. § 981(e), 28 C.F.R. Pt. 9, and other applicable law, it being understood that the U.S. Attorney's Office has authority only to recommend such relief and that the final decision of whether to grant relief rests with the Department of Justice, which will make its decision in accordance with applicable law.

        g.     The defendant agrees to take all necessary action to pass clear title of the assets listed in this paragraph to the United States, including, but not limited to, completing any documents required to transfer title of these assets to the United States. The defendant also agrees to take all necessary action to ensure that the assets listed in this paragraph are not sold, disbursed, wasted, hidden, or otherwise made unavailable for forfeiture.

        h.     The defendant consents to the interlocutory sale of any or all of the assets upon motion of the government, following the entry of a preliminary order of forfeiture.

        i.     The defendant agrees that he will not file, or assist any other party in filing, a claim or petition asserting an interest in or otherwise contesting the forfeiture of any of the assets listed in this paragraph.

        j.     In the event that a successful claim is made by a third party to any of the assets listed in this paragraph, the defendant agrees to forfeit substitute assets equal in value to those assets awarded to the third parties.

### Sentencing Guidelines

11.     The defendant may not withdraw his plea because the Court declines to follow any recommendation, motion, or stipulation by the parties to this agreement. No one has promised or guaranteed to the defendant what sentence the Court will impose.

12.     Pursuant to USSG § 6B1.4, the parties enter into the following stipulations under the Sentencing Guidelines Manual. It is understood and agreed that: (1) the parties are free to argue (except as stated below) the applicability of any other provision of the Sentencing Guidelines, including offense conduct, offense characteristics, criminal history, adjustments, and departures; (2) these stipulations are not binding upon either the Probation Office or the Court; and (3) the Court may make factual and legal determinations that differ from these stipulations and that may result in an increase or decrease in the Sentencing Guidelines range and the sentence that may be imposed:

**Wire Fraud Conspiracy (Count 1)**

 a. The parties agree and stipulate that the base offense level for Count One is 7 pursuant to USSG § 2B1.1(a).

 b. The parties agree and stipulate that, as of the date of this agreement, the loss exceeded $3,500,000, but did not exceed $9,500,000, resulting in an 18-level upward adjustment pursuant to USSG § 2B1.1(b)(1).

 c. The parties agree and stipulate that the defendant's conduct caused substantial financial hardship to five or more victims, resulting in a 4-level upward adjustment pursuant to USSG § 2B1.1(b)(2)(B).

 d. The parties agree and stipulate that the defendant's offense involved sophisticated means and the defendant intentionally engaged in or caused the conduct constituting

- 11 -

sophisticated means, resulting in a 2-level upward adjustment pursuant to USSG §
2B1.1(b)(10).

**Money Laundering Conspiracy (Count 3)**

    e.  The parties agree and stipulate that because the defendant's conviction will be under
18 U.S.C. § 1956 for Count Three, he should receive an upward adjustment of 2
levels pursuant to USSG § 2S1.1(b)(2)(B).

    f.  The parties agree and stipulate that the defendant's offense involved sophisticated
laundering, and therefore he should receive an upward adjustment of 2 levels
pursuant to USSG § 2S1.1(b)(3).

**Cyberstalking (Count 4)**

    g.  The parties agree and stipulate that the base offense level for Count Four is 18,
pursuant to USSG § 2A6.2(a).

    h.  The parties agree and stipulate that the offense involved the threatened use of a
dangerous weapon and a pattern of activity involving stalking, threatening or
harassing the same victim and, therefore, the defendant should receive an upward
adjustment of 4 levels pursuant to USSG § 2A6.2(b)(1)(D)&(E).

**Maliciously conveying false information about explosives (Count 5)**

    i.  The parties agree and stipulate that the base offense level for Count Five is 12,
pursuant to USSG § 2A6.1.

    j.  The parties agree and stipulate that the offense caused a substantial disruption of
public schools and, therefore, the defendant should receive an upward adjustment of
4 levels pursuant to USSG § 2A6.1(b)(4)(a).

**Other Adjustments Applicable to Multiple Counts**

k.  The parties agree and stipulate that the defendant used, or attempted to use, a person less than eighteen years of age to commit all of the offenses charged, and therefore he should receive an upward adjustment of 2 levels pursuant to USSG § 3B1.4 as to each count.

l.  The parties agree and stipulate that the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing of all of the offenses of conviction and that the obstructive conduct related to the defendant's offenses of conviction and any relevant conduct or a closely related offense, and therefore he should receive an upward adjustment of 2 levels pursuant to USSG § 3C1.1 as to each count.

m.  The parties agree and stipulate that the defendant committed the offenses charged in Counts One, Three, Four and Five in part while on release, and therefore he should receive an upward adjustment of 3 levels pursuant to USSG § 3C1.3 as to each of those counts.

**Acceptance**

n.  The parties agree and stipulate that, as of the date of this agreement, the defendant has demonstrated acceptance of responsibility for his offense, making the defendant eligible for a 2-level downward adjustment under USSG § 3E1.1(a).

o.  The parties agree and stipulate that, as of the date of this agreement, the defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying the government of his intent to plead guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court

to allocate their resources efficiently, resulting in a 1-level downward adjustment under USSG § 3E1.1(b).

**<u>Appellate Waiver</u>**

13.     In exchange for the promises made by the government in entering this plea agreement, the defendant voluntarily and expressly waives all rights to file any appeal, any collateral attack, or any other writ or motion that challenges the defendant's conviction, sentence, or any other matter relating to this prosecution, including any assessment, forfeiture, restitution, or the length or condition of supervised release, whether such an appeal, collateral attack, or other writ or motion arises under 18 U.S.C. § 3742, 28 U.S.C. § 1291, 28 U.S.C. § 2255, or any other provision of law. As part of this knowing and voluntary waiver of the right to challenge the conviction and sentence, the defendant expressly waives the right to raise on appeal or on collateral review any argument that (1) the statutes to which the defendant is pleading guilty are unconstitutional and (2) the admitted conduct does not fall within the scope of the statutes.

      a.     Notwithstanding the waiver provision above, if the government appeals from the sentence, then the defendant may file a direct appeal of his sentence.

      b.     If the government does not appeal, then notwithstanding the waiver provision set forth in this paragraph, the defendant may file a direct appeal or petition for collateral relief but may raise only a claim, if otherwise permitted by law in such a proceeding:

            i.     that the defendant's sentence on any count of conviction exceeds the statutory maximum for that count as set forth in paragraph 3 above;

            ii.     challenging a decision by the sentencing judge to impose an "upward departure" pursuant to the Sentencing Guidelines;

iii.    challenging a decision by the sentencing judge to impose an "upward variance" above the final Sentencing Guideline range determined by the Court; and

iv.    that an attorney who represented the defendant during the course of this criminal case provided constitutionally ineffective assistance of counsel.

If the defendant does appeal or seek collateral relief pursuant to this subparagraph (b), no issue may be presented by the defendant in such a proceeding other than those described in this subparagraph (b).

14.    The defendant acknowledges that pursuing an appeal or any collateral attack waived in the preceding paragraph may constitute a breach of this plea agreement. The government recognizes that the mere filing of a notice of appeal is not a breach of the plea agreement. The government may declare a breach only after the defendant or his counsel thereafter states, either orally or in writing, a determination to proceed with an appeal or collateral attack raising an issue the government deems barred by the waiver. The parties acknowledge that the pursuit of an appeal constitutes a breach only if a court determines that the appeal does not present an issue that a judge may reasonably conclude is permitted by an exception to the waiver stated in the preceding paragraph or constitutes a "miscarriage of justice" as that term is defined in applicable law.

15.    The defendant waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act, 5 U.S.C. § 552a.

16.    The defendant is satisfied with the legal representation provided by the defendant's lawyer; the defendant and his lawyer have fully discussed this plea agreement; and the defendant is agreeing to plead guilty because the defendant admits that he is guilty.

17.    The parties have also entered a supplemental agreement that is filed under seal. It is agreed that the parties' guilty plea agreement, along with the sealed supplement, presents the entire agreement of the parties with regard to the defendant's guilty plea and sentence. The parties agree that neither has made any additional promise, agreement, or understanding other than those set forth in this written guilty plea agreement and the sealed supplement, and that no additional promises, agreements, or understandings will be entered into unless in writing and signed by all parties.


DAVID METCALF
United States Attorney


_____
BRAIDEN WILLIAMS
Defendant

_____
Christine & Sykes for
SALVATORE L. ASTOLFI
Chief, Criminal Division
Assistant United States Attorney


_____
JUSTIN DANILEWITZ
Counsel for the Defendant

_____
Saul Wolfe
SARAH WOLFE
Assistant United States Attorney


Date:    11/19/25

- 16 -

Attachment

# IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA             :

                                   v.                              :           **CRIMINAL NO. 24-388**

BRAIDEN WILLIAMS                     :

## <u>ACKNOWLEDGMENT OF RIGHTS</u>

I hereby acknowledge that I have certain rights that I will be giving up by pleading guilty.

1.      I understand that I do not have to plead guilty.

2.      I may plead not guilty and insist upon a trial.

3.      At that trial, I understand

        a.      that I would have the right to be tried by a jury that would be selected from the Eastern District of Pennsylvania and that along with my attorney, I would have the right to participate in the selection of that jury;

        b.      that the jury could only convict me if all 12 jurors agreed that they were convinced of my guilt beyond a reasonable doubt;

        c.      that the government would have the burden of proving my guilt beyond a reasonable doubt and that I would not have to prove anything;

        d.      that I would be presumed innocent unless and until such time as the jury was convinced beyond a reasonable doubt that the government had proven that I was guilty;

        e.      that I would have the right to be represented by a lawyer at this trial and at any appeal following the trial, and that if I could not afford to hire a lawyer, the court would appoint one for me free of charge;

        f.      that through my lawyer I would have the right to confront and cross-examine the witnesses against me;

      g.     that I could testify in my own defense if I wanted to and I could subpoena witnesses to testify in my defense if I wanted to; and

      h.     that I would not have to testify or otherwise present any defense if I did not want to and that if I did not present any evidence, the jury could not hold that against me.

    4.     I understand that if I plead guilty, there will be no trial and I would be giving up all of the rights listed above.

    5.     I understand that if I decide to enter a plea of guilty, the judge will ask me questions under oath and that if I lie in answering those questions, I could be prosecuted for the crime of perjury, that is, for lying under oath.

    6.     I understand that if I plead guilty, I have given up my right to appeal, except as set forth in the appellate waiver provisions of my plea agreement.

    7.     Understanding that I have all these rights and that by pleading guilty I am giving them up, I still wish to plead guilty.

    8.     I acknowledge that no one has promised me what sentence the Court will impose. I am aware and have discussed with my attorney that, at sentencing, the Court will calculate the Sentencing Guidelines range (including whether any departures apply), and then, in determining my sentence, will consider the Guideline range and all relevant policy statements in the Sentencing Guidelines, along with other sentencing factors set forth in 18 U.S.C. § 3553(a), including

     (1) the nature and circumstances of the offense and my personal history and characteristics;

     (2) the need for the sentence imposed-- (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

     (3) the kinds of sentences available;

     (4) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(5) the need to provide restitution to any victims of the offense.


_____

BRAIDEN WILLIAMS
Defendant


_____

JUSTIN DANILEWITZ
Counsel for the Defendant


Dated:    11/19/25
_____